UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VICKI L. YORK, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:13CV796 JCH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on pro se Movant Vicki L. York's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed April 23, 2013. (ECF No. 1).

**BACKGROUND**

By way of background, on February 23, 2012, Movant pled guilty to one count of knowingly conspiring to possess pseudoephedrine with the intent to manufacture methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(c)(1), and one count of knowingly possessing pseudoephedrine having reasonable cause to believe it would be used to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)(2). Neither the Government nor Movant filed objections to the Presentence Investigation Report, and on May 18, 2012, the Court sentenced Movant to 100 months imprisonment, to be followed by a three-year term of supervised release. Movant's motion to dismiss her direct appeal was granted before a ruling was issued.

As stated above, Movant filed the instant § 2255 Motion on April 23, 2013[1], alleging the following three grounds for relief:

(1) That Movant's guilty plea was unlawfully induced, or entered involuntarily without a full understanding of the nature of the charges or the consequences of the plea;

(2) That Movant's conviction was coerced, as counsel promised her a reduction in sentence in exchange for her provision of substantial information to the police task force; and

(3) That Movant received ineffective assistance of counsel, in that counsel failed to investigate the facts, explain the discovery or review the presentence report with Movant; failed to advise Movant of the time limit for filing a notice of appeal and deceived her into thinking she could not appeal; and failed to investigate and prepare for sentencing.

(§ 2255 Motion, PP. 4-5, and attached Declaration of Vicki L. York).

**STANDARDS GOVERNING MOTIONS UNDER 28 U.S.C. § 2255**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack,..." 28 U.S.C. § 2255(a). Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Reed v. Farley*, 512 U.S. 339, 354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994) (citations omitted).[2]

---

[1] "A 1-year period of limitation shall apply to a motion under [§ 2255]." 28 U.S.C. § 2255(f). "The limitation period shall run from...(1) the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). As stated above, the Court entered its Judgment on May 18, 2012. The present motion, filed April 23, 2013, thus is within the 1-year limitation period provided for in § 2255.

[2] "[A]t least where mere statutory violations are at issue, '§ 2255 was intended to mirror §

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (quoting 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043 (citation omitted).

## DISCUSSION

**I.** **Ground 1**

As stated above, in Ground 1 of her § 2255 Motion Movant asserts her guilty plea was unlawfully induced, or entered involuntarily without a full understanding of the nature of the charges against her or the consequences of the plea. (§ 2255 Motion, P. 4).

During the Change of Plea Proceeding in the instant case, the District Court questioned Movant extensively with respect to her decision to plead guilty, as follows:

| | |
|---|---|
| THE COURT: | Now, do you understand that you are under oath, and if you would answer any of my questions falsely, you might later be prosecuted for making a false statement or for perjury? |
| DEFENDANT: | Yes, ma'am.... |
| THE COURT: | And how old are you? |
| DEFENDANT: | Forty-two. |
| THE COURT: | And how far have you gone in school? |
| DEFENDANT: | Tenth. I was working on my GED. |

---

2254 in operative effect.'" *Reed*, 512 U.S. at 353 (quoting *Davis v. United States*, 417 U.S. 333, 344, 94 S.Ct. 2298, 2304, 41 L.Ed.2d 109 (1974)).

| | |
|---|---|
| THE COURT: | So approximately how far-- |
| DEFENDANT: | Ninth grade. |
| THE COURT: | Ninth grade, okay. Have you ever been treated for any kind of mental illness? |
| DEFENDANT: | Yes, ma'am. |
| THE COURT: | Can you tell me a little about that? What illnesses have you been treated for and what kind of treatment have you received? |
| DEFENDANT: | I've been on disability for anxiety and depression. |
| THE COURT: | Have you been under the care of a physician or a psychiatrist? |
| DEFENDANT: | Yes, ma'am. |
| THE COURT: | Of a psychiatrist? |
| DEFENDANT: | Yes. |
| THE COURT: | Are you presently going to a psychiatrist? |
| DEFENDANT: | Yes. |
| THE COURT: | And are you taking any medications prescribed? |
| DEFENDANT: | Yes, ma'am. |
| THE COURT: | What medications are you taking?... |
| DEFENDANT: | Xanax, Ativan, Zoloft, Vistaril, Trazodone. And I believe that's it right now. |
| THE COURT: | Are you taking all of those at the present time? |
| DEFENDANT: | Yeah…. |
| THE COURT: | Okay. And have you had any of those medications this morning?... |
| DEFENDANT: | They give me my Vistaril this morning. They are trying to—they are weaning me off all that Xanax and stuff, but they forgot to put the Zoloft on there, but they do have me on some medication right now. |
| THE COURT: | So with respect to the medication you've had this morning, other than obviously help you with your depression and anxiety, does |

| | |
|---|---|
| | it have any other effect? Does it make you sleepy or dizzy or cloud your mind in any way? |
| DEFENDANT: | No, ma'am.… |
| THE COURT: | Have you ever been treated for any addiction to narcotic drugs? |
| DEFENDANT: | Yes. |
| THE COURT: | And can you tell me about that? What were the—what drugs were you taking and what treatment, if any, have you received? |
| DEFENDANT: | It was meth. And I went to—I did—I went to St. Anthony's for drug treatment. And that was '96, I think. |
| THE COURT: | Was that inpatient or outpatient-- |
| DEFENDANT: | Yes, ma'am. |
| THE COURT: | --or both? |
| DEFENDANT: | Yes…. |
| THE COURT: | And did you complete all those programs—both of those programs? |
| DEFENDANT: | Yes, ma'am. |
| THE COURT: | Have you had any problems with drug addiction since that time? |
| DEFENDANT: | No, ma'am. |
| THE COURT: | Okay. Have you ever been treated for any addiction to alcohol? |
| DEFENDANT: | No…. |
| THE COURT: | Ms. York, have you received a copy of the indictment or the charges against you? |
| DEFENDANT: | Yes, ma'am. |
| THE COURT: | And have you had an opportunity to review and discuss those charges with [your attorney,] Mr. Cook[3]? |
| DEFENDANT: | Yes, ma'am. |

---

[3] Mr. Matthew Cook represented Movant throughout her criminal matter.

| | |
|---|---|
| THE COURT: | Do you have any question about the charges themselves? |
| DEFENDANT: | No, ma'am.... |
| THE COURT: | I have received a document entitled Guilty Plea Agreement. This is a 12-page document....Now, Ms. York, have you had an opportunity to review and discuss the provisions of this document with Mr. Cook? |
| DEFENDANT: | Yes, ma'am. |
| THE COURT: | And are you in agreement with everything contained in this document? |
| DEFENDANT: | Yes, ma'am. |
| THE COURT: | Is there anything in this document with which you disagree? |
| DEFENDANT: | No. |
| THE COURT: | Do you have any questions about any provision of this document? |
| DEFENDANT: | No, ma'am. |
| THE COURT: | Has anyone made any promises or assurances to you other than what's contained in this document in order to cause you to plead guilty today? |
| DEFENDANT: | No, ma'am. |
| THE COURT: | Has anyone tried to force or coerce you into pleading guilty? |
| DEFENDANT: | No. |
| THE COURT: | Are you doing this of your own free will? |
| DEFENDANT: | Yes, ma'am…. |
| THE COURT: | Ms. York, do you understand that the maximum possible penalty for each offense in count—the offense in Count 2 and the offense in Count 5 is imprisonment of not more than 20 years, a fine of not more than $250,000, or both imprisonment and a fine? |
| DEFENDANT: | Yes, ma'am. |

(Change of Plea Hearing Transcript (4:11CR462 JCH, ECF No. 113), PP. 2-9). Mr. Tihen[4] then stated the relevant facts in Movant's case. (Id., PP. 13-14). Movant testified under oath that she agreed with everything Mr. Tihen had stated, and that she had committed the acts as described by Mr. Tihen and in the stipulation. (Id., P. 15). When asked how she intended to plead to Counts 2 and 5 of the indictment, guilty or not guilty, Movant stated guilty. (Id.).

Based on Movant's representations during her change of plea proceeding, the Court held as follows:

> THE COURT: It is the finding of the Court in the case of United States versus York that the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offenses in Counts 2 and 5. The plea to those counts is therefore accepted and the defendant is now adjudged guilty of those offenses.

(Id., PP. 15-16).

The Eighth Circuit has held that, "'[s]olemn declarations in open court carry a strong presumption of verity.'" *Smith v. Lockhart*, 921 F.2d 154, 157 (8th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977)). This Court thus finds that Movant entered her plea of guilty in a knowing and voluntary manner, with a full understanding of the nature of the charges against her and the consequences of her plea. Ground 1 of Movant's § 2255 Motion will therefore be denied.

**II.    Ground 2**

---

[4] Mr. Kenneth Tihen was the Assistant United States Attorney assigned to Movant's case.

As stated above, in Ground 2 of her § 2255 Motion Movant asserts her conviction was coerced, as counsel promised her a reduction in sentence in exchange for her provision of substantial information to the police task force. (§ 2255 Motion, P. 4 and attached Declaration). In support of this assertion, Movant states as follows[5]:

> I was an informant for the Daryle Balliydier, head of the task force—police department and was told this would help my sentence. I worked with him for several years as an informant. I gave him several names, phone numbers, photos, places, and dates and times. Because of my assistance, the police were able to arrest and convict Ronald Dobsh, and on March 5, 2013, Edward Cortway one of the people who I gave information about was arrested and detained. However, my attorney nor the prosecutor has filed a rule 35 or a 5k.1 motion for a decrease in my sentence as I was promised.

(Declaration of Vicki L. York).

Upon review, the Court finds Movant's claim is belied by the record. Attached to the Government's response is Movant's original proffer letter (addressed to Mr. Cook), which stated in relevant part as follows:

> Your client must understand that mere assistance is not enough to warrant a downward departure motion and that such a motion is warranted only for substantial assistance. The defendant understands that even if the information provided is truthful and complete, it will not be substantial assistance if the Government regards the information to be insufficiently significant or insufficiently helpful.

(Government's Exh. 2, ECF No. 5-2, P. 1). Movant signed the proffer letter on December 29, 2011, thereby indicating her assent to its terms. (Id., P. 3). The Government further provided an affidavit from Mr. Cook[6], in which he attests as follows:

> [T]here was never anything promised to Ms. York, by Counsel, Mr. Tihen or at the proffer agreement that she would receive a lower sentence for her cooperation. In fact, Counsel checked with Mr. Tihen numerous times after the proffer to ensure Ms. York's assistance was not substantial. Counsel was advised by the AUSA that Ms. York had not provided substantial assistance. This was conveyed to Ms. York, by Counsel, several times.

---

5 Movant's statement is reproduced without alteration.
6 All portions of Mr. Cook's affidavit are reproduced without alteration.

(Affidavit of Attorney Matthew P. Cook, ECF No. 5-1, ¶ 3(c)). The parties' understanding was memorialized in the Guilty Plea Agreement, signed by Movant, her attorney, and the Government, as follows:

> This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

(Guilty Plea Agreement (4:11CR462 JCH, ECF No. 45), PP. 11, 12). Finally, as noted above, during the change of plea proceeding Movant reiterated under oath that no one had made any promises or assurances to her in order to cause her to plead guilty, that no one had tried to force or coerce her into pleading guilty, and that she was doing so of her own free will. (Change of Plea Hearing Transcript (4:11CR462 JCH, ECF No. 113), P. 8). Under these circumstances, the Court finds no evidence that Movant's conviction was coerced by an unkept promise on the part of either her counsel or the Government. Ground 2 is denied.

### III. Ground 3

As stated above, in Ground 3 of her § 2255 Motion Movant asserts she received ineffective assistance of counsel, in that counsel failed to investigate the facts, explain the discovery or review the presentence report with Movant; failed to advise Movant of the time limit for filing a notice of appeal and deceived her into thinking she could not appeal; and failed to investigate and prepare for sentencing. (§ 2255 Motion, PP. 4-5 and attached Declaration). In order to prevail on a claim of ineffective assistance of counsel, Movant must show that her attorney's performance was "deficient," and that the deficient performance was "prejudicial." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered

adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690. To overcome this presumption, Movant must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.*

Even if Movant satisfies the performance component of the analysis, she is not entitled to relief unless she can prove sufficient prejudice. *Id.* at 691. Movant must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. In the context of a guilty plea, to demonstrate prejudice Movant must show a reasonable probability that, but for counsel's errors, she would not have pled guilty, but would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).

### A. Failure To Investigate, Explain And Review

For her first claim of ineffective assistance of counsel, Movant alleges her attorney failed to investigate the circumstances of her situation, to explain the discovery they received from the Government, and to review the presentence report ("PSR") with Movant. Upon consideration the Court finds that with this claim, Movant fails to demonstrate deficient performance on the part of her attorney. Specifically, the Court notes that with its response the Government provides an affidavit from attorney Cook, in which he attests that he spent in excess of ninety hours representing Movant in this matter. (Cook Affidavit, ¶ 2). Mr. Cook states that he initially met with Movant two days after his appointment, and spent approximately two hours with her discussing her case. (Id., ¶ 3(a)). He subsequently visited with Movant an additional ten or more times, and further spoke about Movant's case with her daughter, fiancé and parents. (Id., ¶ 3(f)). With respect to discovery, Mr. Cook asserts that upon receiving such from Mr. Tihen, he visited with Movant on at least two

separate occasions to discuss the provided materials. (Id., ¶ 3(a)). Finally, with respect to the PSR, Mr. Cook maintains that although Movant was difficult to get in contact with following her release on bond, he did manage to discuss the PSR with her on several occasions. (Id., ¶ 3(d), (g)). Under these circumstances, the Court does not find Mr. Cook's performance was constitutionally deficient.[7]

### B. Failure To Advise Of Appellate Rights

For her second claim of ineffective assistance of counsel, Movant alleges her attorney failed to advise her of the time limit for filing a notice of appeal, and deceived her into thinking that she had no right to appeal. In his affidavit, however, Mr. Cook attests that he, "thoroughly explained [Movant's] rights to appeal throughout her entire case and in our interviews. At sentencing, Counsel again advised her of her rights to appeal." (Cook Affidavit, ¶ 3(a)). Furthermore, the Court notes that Movant herself signed a Certification of Compliance with Local Rule 12.07(A), in which she "provide[d] this as written Notice certifying that he/she has been fully informed of the right to appeal the final judgment in this case and declines to file a Notice of Appeal, and has instructed counsel not [to] do so." (Certification of Compliance (4:11CR462 JCH, ECF No. 75)). The Court thus again finds Movant's claim is belied by the record and must be denied.

### C. Failure To Investigate And Prepare For Sentencing

In her final claim of ineffective assistance of counsel, Movant alleges her attorney failed to investigate and prepare for sentencing. Upon consideration the Court again finds that with this claim, Movant fails to show her counsel's performance was constitutionally deficient. Rather, as noted in his affidavit, Mr. Cook attended the presentence investigation report interview with Movant on February 29, 2012. (See Cook Affidavit, ¶ 3(d)). He then reviewed the completed PSR on

---

[7] As further support for its ruling, the Court notes that Movant herself indicated her satisfaction with counsel in both the Guilty Plea Agreement itself, and during her change of plea proceeding. (See Guilty Plea Agreement (4:11CR462 JCH, ECF No. 45), P. 11; Change of Plea Hearing

several occasions, both on his own and with Movant. (Id.). Mr. Cook continued to advocate on Movant's behalf both prior to and during sentencing, as explained in his affidavit as follows:

> As briefly explained above, Counsel was able to ask for and obtain a significant variance for Ms. York, even though, at her guilty plea, she was originally not allowed too.[8] This was attributed to Ms. York initially inquiring how much prison time she would receive if she plead guilty. Counsel informed her that the ultimate sentence was left to the Judge and it could depend on a great many of unknown factors to Counsel. However, upon her persistence, Counsel conveyed an educated guess, that upon a guilty plea (and depending upon the amount of pseudoephedrine she was liable for and her criminal history calculation) she would be looking at an offense level in the mid-twenties and her criminal history was probably a three (3) or four (4). Counsel was extremely caution to not guarantee, promise, represent or in any manner imply that this is the sentence that Ms. York would receive and it was ultimately up to the Court to decide her sentence. Counsel also conveyed that the PSR would be a good determination of her sentence range (once available), but that we could object to certain paragraphs in the PSR that we factually or legally disagreed with. Counsel also conveyed to Ms. York that I need to carefully review her discovery and criminal history to try and give her an accurate depiction of her sentence, but even though Counsel could not know for sure, nor promise anything. At this juncture, Ms. York was merely curious about how time she would be facing.
>
> When Ms. York's PSR was complete her offense level was a twenty-seven (27), with acceptance. This assumed a fifty (50) percent yield of the pseudoephedrine she purchased. Her criminal history was a five and her guildeline range was 120-150 months. Upon reading this, and trying to zealous advocate for my client, Counsel contacted Mr. Tihen and asked if he could ask for a variance or departure at sentencing for Ms. York, in violation of the original guilty plea hearing and agreement. In support thereof, Counsel proffered to Mr. Tiehn that (1) the PSR reflected that due to Ms. York's abuse as a child and her subsequent mental and emotional condition, this warrants a below the guildeline sentence; (2) Ms. York's co-defendnat, Ronald Dobsch, would most likely be receiving a sentence below the 120-150 month range and he was the cook in this instant offense; (3) Counsel, in the beginning of her case, conveyed to Ms. York (upon her consistent requests), but in no way guaranteed to her, that her criminal history was probably a three (3) or four (4) and that her offense level would most likely be in the mid-twenties. Counsel, again, in no way promised, guaranteed, represented or in any manner or faucet that this would be the sentence she would receive and merely stated an educated guess.

---

Transcript (4:11CR462 JCH, ECF No. 113), P. 7).
8 Movant's Guilty Plea Agreement stated in relevant part as follows: "The parties further agree that because the Government has agreed to forego holding defendant accountable for all pseudoephedrine in the conspiracy, neither party shall request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines, Title 18, United States Code, Section 3553, or any other provision or rule of law not addressed herein. (Guilty Plea Agreement (4:11CR462 JCH, ECF No. 45), P. 2).

> Mr. Tihen, out of pure kindness and professional courtesy, agreed to let Counsel ask for a departure or variance, based upon these factors. Counsel exuded much time in trying to find tangible proof of Ms. York's medical records, showing this abuse. Through much persistence Counsel did obtain the necessary medical records. It was also extremely difficult in working with Ms. York to obtain these records and Counsel had to rely on the assistance of Ms. York's daughter. As such, at sentencing, Ms. York received a twenty (20) month departure and was sentenced to one-hundred months (100) in the federal bureau of prisons.

(Id.). Upon consideration of the foregoing, the Court finds Mr. Cook's performance fell well within the wide range of professionally competent assistance sanctioned by *Strickland*. Ground 3 is denied.[9]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 1) is **DENIED,** and her claims are **DISMISSED** with prejudice. An Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998).

Dated this  1st  Day of July, 2014.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

9 As further support for its ruling, the Court notes that Movant fails to demonstrate the requisite prejudice as well; in other words, she fails to establish a reasonable probability that absent her counsel's alleged errors, she would have insisted on proceeding to trial. Rather, as noted above, during the guilty plea proceeding Movant testified under oath as to her understanding of both the charges against her and associated penalty, and the terms of the plea agreement itself. Movant further acknowledged committing the acts as described in the agreement. This Court thus finds that Movant's own testimony demonstrates she committed the offenses at issue, voluntarily pled guilty, and received effective assistance of counsel. *See Smith*, 921 F.2d at 157.